JUDGE KOELTL

06 CV 13002

521-06/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
THE SHIPPING CORPORATION OF INDIA, LTD.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE SHIPPING CORPORATION OF INDIA, LTD,   06 CIV.   (   )

                     Plaintiff,   **VERIFIED COMPLAINT**

-against-

LAND AIR & SEA TRANSPORT LIMITED, HUA DAO
SHIPPING (FAR EAST) LTD., and BM SHIPPING
GROUP SPA,

                     Defendants.
------------------------------------------------------------------x

      Plaintiff THE SHIPPING CORPORATION OF INDIA, LTD. (hereinafter "Plaintiff" or "SCI"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants LAND AIR & SEA TRANSPORT LIMITED (hereinafter "LAST"), HUA DAO SHIPPING (FAR EAST) LTD. (hereinafter, "HDS") and BM SHIPPING GROUP SPA (hereinafter, "BMS") alleges upon information and belief as follows:

      1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claim for breaches of maritime charter party contracts. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and / or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times relevant hereto, Plaintiff was and still is a business venture of the Government of India, with an office and place of business at 250 Sudam Kalu Ahire Marg., Worli, Mumbai – 400 025, India.

3. At all times relevant hereto, Defendant LAST was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at Suite 2A, Eurolife Building, 1 Coral Road, Gibraltar.

4. At all times relevant hereto, Defendant HDS was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at Unit 2506, Singga Commercial Centre, 148-151 Connaught Road West, Sheung Wan, Hong Kong, China.

5. At all times relevant hereto, Defendant BMS was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at Viale Giovanni Da Verazzano, 5-54036 Marina di Carrara, Italy.

6. Upon information and belief, Defendants LAST, HDS and BMS are alter egos of one another and share offices, officers, directors, shareholders, employees and/or commingle funds, or that one entity so dominates and controls the others that their separate corporate identities have been lost and that they function as a single entity and should be held accountable for the debts of one another.

7. Upon information and belief, Defendant LAST is the agent of Defendants HDS and/or BMS and is in the business of handling, sending and receiving the property of Defendants HDS and/or BMS.

8. Upon information and belief, Defendant HDS is the agent of Defendants LAST and/or BMS and is in the business of handling, sending and receiving the property of Defendants LAST and/or BMS.

9. Upon information and belief, Defendant BMS is the agent of Defendants LAST and/or HDS and is in the business of handling, sending and receiving the property of Defendants LAST and/or HDS.

10. Plaintiff, as owner of the M/V LOK PRATIMA, entered into a series of maritime contracts of charter party, each on an amended NYPE charter party form, with Defendant LAST as charterer. Under each charter party, Plaintiff agreed to let the vessel to Defendant LAST for a period of time for three trips at an agreed hire rate.

11. The three charter party contracts that are at issue with regard to this matter are the charter parties dated March 23, 2006, May 12, 2006 and July 18, 2006.

12. Each of the three charter party contracts requires Defendant LAST, as charterer, to pay charter hire in full and on time.

13. Plaintiff SCI fully performed each of its obligations under the subject charter party contracts.

14. In breach of each of the three charter party contracts, Defendant LAST refused or otherwise failed to pay charter hire in full and when due.

15. Currently outstanding with regard to the March 23, 2006 charter party is $14,549.61 owed by LAST to SCI.

16. Currently outstanding with regard to the May 12, 2006 charter party is $56,885.34 owed by LAST to SCI.

17. Currently outstanding with regard to the July 18, 2006 charter party is $27,939.41 owed by LAST to SCI.

18. Plaintiff SCI has made due demand for the payment of these sums, but LAST has refused or has otherwise failed to pay.

19. The total amount of outstanding charter hire is $99,374.36.

20. Pursuant to the terms of the charter party contracts, all claims between the parties arising out of the charter party contracts are subject to London arbitration, with English law to apply. Plaintiff specifically reserves its right to arbitrate the merits of its dispute with Defendant in London arbitration pursuant to the terms of the charter party contracts.

21. This action is brought in order to obtain security in favor of Plaintiff in respect to Plaintiff's claims against Defendant LAST, including but not limited to interest plus Plaintiff's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claim under English law. As near as may presently be estimated, anticipated recoverable interest, attorneys fees and costs total approximately $45,000.

22. After investigation, Defendants LAST, HDS and BMS cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants, or any of them ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from JPMorgan Chase Bank, Citibank, American Express Bank, Bank of America, The Bank of New York, HSBC, HSBC USA Bank NA, BNP Paribas, Deutsche Bank Trust Co., Wachovia Bank, ABN Amro, Atlantic Bank of New York, Standard Chartered Bank and/or other institutions to be named.

23. The total amount of Plaintiff's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by Plaintiff against Defendants LAST, HDS and BMS is **$144,374.36**.

W H E R E F O R E, Plaintiff SCI prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants LAST, HDS and BMS, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of $99,374.36, plus interest, costs and attorneys' fees;

b. That if the Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants, up to and including the amount of the claim of **$144,374.36** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred for the benefit of the Defendants, (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in their own names or as may be held, received or transferred for their benefit at, through or within the possession, custody or control of banking institutions including but not limited to JPMorgan Chase Bank, Citibank, American Express Bank, Bank of America, The Bank of New York, HSBC, HSBC USA Bank NA, BNP Paribas, Deutsche Bank Trust Co., Wachovia Bank, ABN Amro, Atlantic Bank of New York, Standard Chartered Bank, and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendants to appear and respond in the London arbitration as required, or, to the extent an award is rendered against the Defendants, or any of them, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       November 8, 2006

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
THE SHIPPING CORPORATION OF INDIA, LTD.

By: _____
Michael E Unger (MU0045)
Lawrence J. Kahn (LK5215)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York  )

Michael E. Unger, being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Michael E. Unger

Sworn to before me this
8th day of November, 2006

_____
NOTARY PUBLIC

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/271760.1                              7